Daniel D. Healy, Receiver, Appellee, v. Abner Smith et al., On Appeal of Wilton B. Martin, Defendant, Appellant.

### Gen. No. 15,934.

This case is controlled by the decision in Healy v. Defiance City Bank, *ante*, p. 625, and Healy v. Defiance Bank, *post*, p. 628.

Appeal from the Superior Court of Cook county; the Hon. Farlin Q. Ball, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed April 7, 1911. *Certiorari* denied by Supreme Court (making opinion final).

Herbert A. Schryver, for appellant.

Darrow, Masters & Wilson, for appellee.

Mr. Justice Clark delivered the opinion of the court. This court has this day filed an opinion in a case known as General Number 16,967 and entitled Daniel D. Healy, Receiver, etc., appellant, v. Defiance City Bank, a corporation, etc., et al., appellees, in which the main facts governing the present appeal are set out, and reference is made to that opinion for such facts. *Post,* p. 628.

The present appeal is by Wilton D. Martin, to whom a certificate for 50 shares of the capital stock of the bank was given on payment by him to Abner Smith of $10,000.

It is clear from the evidence that Martin purchased the stock from Smith, and that it was part of the stock which Smith had fraudulently caused to be issued in pursuance of the conspiracy referred to in the opinion last mentioned.

The court found that the defendant, Martin, in dealing with the said Smith, dealt with the said Smith personally, and that in said transaction the said Smith was not acting for the said Bank of America, but was acting for himself, and the relations between the said

Smith and the defendant Martin under the said contract mentioned were personal between them, and that the defendant Martin cannot hold the Bank of America or the receiver, the complainant herein, responsible for the acts of the said Abner Smith with respect to selling the said Martin the stock in question, which was never paid for and which was void.

We agree with the learned chancellor, and the decree is therefore affirmed.

*Decree affirmed.*